FJN:CWE
F. #2020R00317

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ROBERT PARRINELLI,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
\*   JULY 30, 2024   \*
BROOKLYN OFFICE

I N D I C T M E N T

Cr. No. **24-CR-306**
(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(1),
982(b)(1), 1341, 1343, 1349, 1956(h), 2
and 3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

**Judge Rachel P. Kovner**
**Magistrate Judge Marcia M. Henry**

THE GRAND JURY CHARGES:

### INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    The Defendant and Relevant Entities

    1.    Group Data Corporation was a general insurance broker that did business under the name Settlement Success Intermediaries ("SSI"). Among other things, SSI offered structured annuities for use in legal settlements. SSI's clients included insurance companies that provided insurance to medical professionals.

    2.    The defendant ROBERT PARRINELLI was a resident of Nassau County, New York. He was a licensed insurance broker and worked at SSI until December 15, 2018.

    3.    Co-Conspirator 1 ("CC-1"), an individual whose identity is known to the Grand Jury, was a coworker of the defendant ROBERT PARRINELLI at SSI until December 15, 2018.

    4.    Physicians' Reciprocal Insurers ("PRI") was a company that offered professional liability insurance to medical professionals through various subsidiaries. In or

about December 2017, PRI formally acquired SSI from a corporate affiliate as part of a broader acquisition. Following the acquisition, the defendant ROBERT PARRINELLI and CC-1 both became employees of PRI.

5. Settlement Success Intermediaries, Inc. ("SSI, Inc.") was an insurance brokerage business formed by the defendant ROBERT PARRINELLI and CC-1. Although it had a similar name, SSI, Inc. was not affiliated with SSI.

6. Insurance Company 1, an entity the identity of which is known to the Grand Jury, is a global provider of insurance, annuities, and employee benefit programs.

7. Insurance Company 2, an entity the identity of which is known to the Grand Jury, is a global provider of insurance and annuities.

II. The Scheme to Defraud

8. In or about July 2017, prior to the finalization of the formal acquisition of SSI, PRI commenced plans to wind down operations of SSI as part of a general business restructuring. The defendant ROBERT PARRINELLI and CC-1 were on notice of PRI's intention to wind down SSI's operations.

9. On or about October 27, 2017, the defendant ROBERT PARRINELLI and CC-1 incorporated SSI, Inc. in New York State. On or about November 8, 2017, PARRINELLI and CC-1 opened a bank account in the name of SSI, Inc.

10. Approximately a year later, in or around the fall of 2018, the defendant ROBERT PARRINELLI and CC-1 contacted numerous insurance companies, including Insurance Company 1 and Insurance Company 2, and requested that they divert any outstanding funds owed to SSI to the newly formed SSI, Inc. PARRINELLI and CC-1 contacted these insurance companies from their official SSI email addresses.

11. In furtherance of this scheme, the defendant ROBERT PARRINELLI and CC-1 instructed the insurance companies, including Insurance Company 1 and Insurance Company 2, to wire future payments owed to SSI to the bank account they created for SSI, Inc. and to send any checks to PARRINELLI's home address. Neither PARRINELLI nor CC-1 had authority or permission to divert and collect funds rightfully owed to SSI.

12. On or about December 15, 2018, in connection with the winding down of SSI's operations, both the defendant ROBERT PARRINELLI and CC-1 were terminated from their employment with PRI and SSI.

13. Between 2018 and 2021, based in part on fraudulent statements and representations made by the defendant ROBERT PARRINELLI and CC-1, insurance companies, including Insurance Company 1 sent payments by interstate wire transfer to the bank account in the name of SSI, Inc. controlled by PARRINELLI and CC-1, and other insurance companies, including Insurance Company 2, mailed checks to PARRINELLI's home.

14. In or about and between 2018 and 2021, the defendant ROBERT PARRINELLI and CC-1 received over $1 million in connection with their fraudulent scheme.

COUNT ONE
(Conspiracy to Commit Mail and Wire Fraud)

15. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

16. In or about and between October 2017 and July 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ROBERT PARRINELLI, together with others, did knowingly and intentionally conspire to devise a scheme and artifice:

(a) to defraud and to obtain money and property from Insurance Company 2 by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to place and cause to be placed in a post office and authorized depository for mail matter, one or more matters and things to be sent and delivered by the United States Postal Service, and to deposit and cause to be deposited one or more matters and things to be sent and delivered by private and commercial interstate carriers, and to take and receive therefrom one or more such matters and things, contrary to Title 18, United States Code, Section 1341; and

(b) to defraud and to obtain money and property from one or more insurance companies, including Insurance Company 1 and Insurance Company 2, by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNTS TWO THROUGH FOUR
(Wire Fraud)

17. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

18. On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant ROBERT PARRINELLI, together with others, did knowingly and intentionally devise a scheme and artifice to defraud, and to obtain money and property from Insurance Company 1, by means of one or more materially false and fraudulent pretenses, representations and promises.

19. For the purpose of executing such scheme and artifice, the defendant ROBERT PARRINELLI, together with others, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, as described below:

| COUNT | APPROXIMATE DATE | WIRE COMMUNICATION |
|---|---|---|
| TWO | April 16, 2019 | A wire transfer in the amount of approximately $24,416.60 sent from a bank account belonging to Insurance Company 1 located in Denver, Colorado to a bank account located within the Eastern District of New York |
| THREE | June 4, 2019 | A wire transfer in the amount of approximately $4,743.00 sent from a bank account belonging to Insurance Company 1 located in Denver, Colorado to a bank account located within the Eastern District of New York |
| FOUR | August 1, 2019 | A wire transfer in the amount of approximately $17,269.57 sent from a bank account belonging to Insurance Company 1 located in Denver, Colorado to a bank account located within the Eastern District of New York |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

COUNTS FIVE THROUGH SEVEN
(Mail Fraud)

20. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

21. On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant ROBERT PARRINELLI, together with others, did knowingly and intentionally devise a scheme and artifice to defraud and to obtain money and property from one or more insurance companies, including Insurance Company 2, by means of one or more materially false and fraudulent pretenses, representations and promises.

22. For the purpose of executing such scheme and artifice, the defendant ROBERT PARRINELLI, together with others, did place and cause to be placed in a post office and authorized depository for mail matter, one or more matters and things to be sent and delivered by the United States Postal Service, and to deposit and cause to be deposited one or more matters and things to be sent and delivered by private and commercial interstate carriers, and to take and receive therefrom one or more such matters and things, as set forth below:

| COUNT | APPROXIMATE DATE | DESCRIPTION |
|---|---|---|
| FIVE | July 25, 2019 | A check from Insurance Company 2 in the amount of approximately $19,985.00 originating outside the state of New York to a bank account located within the Eastern District of New York |
| SIX | August 6, 2019 | A check from Insurance Company 2 in the amount of approximately $19,985.00 originating outside the state of New York to a bank account located within the Eastern District of New York |
| SEVEN | November 7, 2019 | A check from Insurance Company 2 in the amount of approximately $13,462.35 originating outside the state of New York to a bank account located within the Eastern District of New York |

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

COUNT EIGHT
(Money Laundering Conspiracy)

23. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

24. In or about and between July 2017 and July 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ROBERT PARRINELLI, together with others, did knowingly and intentionally conspire to engage in one or more financial transactions in and affecting interstate commerce, to wit: deposits, withdrawals and transfers of funds and monetary instruments, in and affecting interstate

and foreign commerce, by, though and to one or more financial institutions, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: (a) wire fraud, in violation of Title 18, United States Code, Section 1343, and (b) mail fraud, in violation of Title 18, United States Code, Section 1341, contrary to Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE THROUGH SEVEN

25.     The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One through Seven, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

26.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;
(b)     has been transferred or sold to, or deposited with, a third party;
(c)     has been placed beyond the jurisdiction of the court;
(d)     has been substantially diminished in value; or
(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

8

seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT EIGHT

27. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Eight, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

28. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

s/
_____
FOREPERSON

*By David Pitluck, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK